## Paul Brebach v. John Johnson.

1. TRESPASSER—*Removal of Disorderly Persons from Owner's Premises.*—Where a person enters the premises of another and conducts himself in an improper manner, the owner has the right to remove such person from his premises, and in so doing, to use the force necessary; but if more force is used than is necessary, or if the owner follow up such person, and assault him after he is removed, he will be liable as a trespasser.

**Trespass,** for an assault, etc. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

B. M. SHAFFNER, attorney for appellant.

J. WARREN PEASE, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of trespass for assault, brought by the appellee against appellant, and resulted in a verdict and judgment from $250, from which this appeal is prosecuted.

The evidence seems to establish that the appellee entered the appellant's butcher shop, where appellee had been accustomed to trade, and being under the influence of liquor, created noise and confusion by first demanding in a boisterous and insulting manner, that one of appellant's clerks pay him a small sum of owed money. It was about nine or half past nine o'clock in the evening, and the appellant was in a room in the rear part of the shop, where he lived. Hearing the noise, he went out into the shop, and after inquiring into the cause of the trouble, was himself called abusive names by the appellee, and was told by appellee that he, the latter, could lick him. Some further words passed between the parties, and, according to appellant's testimony, he handed to appellee a bundle that belonged to him and told him to leave the shop.

Further insulting and challenging words were used by appellee toward appellant, as the former went toward him, and as he reached the door. At that moment the parties came together, each claiming that the other was the assailant, and the result was that appellee was thrust out upon the sidewalk.

We have greater difficulty in determining what occurred after the parties took hold of one another, for from that time we do not have any very certain evidence to guide us. The parties themselves tell very different stories about what then happened; the appellee testifying that he was thrown down upon the sidewalk and kicked in the jaw by appellant, and the appellant testifying that he merely shoved the appellee through the door and did not kick or hurt him at all. It is certain that in some way the appellee's jaw was badly broken, either then or in some other way, before he got home, two or three blocks away, at about ten o'clock.

It is most strenuously insisted in argument that the appellee's testimony, as to how he was hurt, is not corroborated by any witness, and that appellant's version is corroborated by three witnesses, and that for that reason the judgment should not be allowed to stand. One of those witnesses was the clerk from whom appellee demanded the money, and the other two were clerks in the grocery store operated by appellant's brother-in-law in connection with the butcher shop. We need not state their testimony, but it is apparent that they were not so situated that they could, in the night time, see with certainty what passed outside of the door. Their testimony of what did there take place, partakes of a negative character, that they did not see appellant kick appellee, rather than being positive that they could see and that he did not kick him.

There is no disagreement by any of the witnesses about the fact that appellant shoved appellee through the door, and appellant admits that he might have stepped out upon the iron right at the door. That appellant had the right, under the circumstances, to put appellee out of the shop, and to use all reasonable and necessary force in so doing, is

Brebach v. Johnson.

certain; but the question with us is, and doubtless was with the jury, did not the appellant follow up what the evidence shows to have been a proper ejection of appellee, by the use of unnecessary and excessive violence outside the premises? That is something that, in the situation of the parties, the two principals alone could know or testify to with certainty, and upon that point their testimony is in direct conflict.

We think, therefore, we can not say, as appellant's counsel argues, that the jury disregarded the evidence on the appellant's side. Doubtless appellant's evidence did have weight with the jury, or the verdict would have been more commensurate with the serious injury appellee was conclusively shown to have suffered at the hands of some one, about that particular hour.

We can not say we are fully satisfied that any recovery should have been had, but the jury and the court below had the opportunity, which we have not, of seeing and hearing the witnesses, and it is impossible for us to say there was such error in their conclusion, as to warrant a reversal of their deliberate judgment.

It is urged that the modification of one of appellant's instructions, by striking out the words with which it concluded, viz., "and if the jury so find the case and circumstances, they must find the defendant not guilty," was reversible error.

The preceding part of the instruction recited a number of evidentiary facts which it was said, if so found by the jury, gave the lawful right to the appellant to eject appellee from the premises, using reasonable force in so doing. We doubt if the instruction, as given, were attacked, it would stand, but are clear that it was not error to strike out the quoted portion of it.

The instruction does not negative the use of excessive force, and does not negative the acts of violence claimed by appellee outside the door.

Upon the whole case, we discover no sufficient error to warrant a reversal of the judgment, and it will therefore have to be affirmed.